UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Clinton Parks, Individually,

    Plaintiff,

v.                                               Case No.: 8:19-cv-01583-CEH-JSS

RS Equity Holdings LLC, A Foreign Limited
Liability Company, d/b/a Regency Square
Shopping Center,

    Defendant.
_____/

**<u>AMENDED COMPLAINT</u>**
(Injunctive Relief Demanded)

    Plaintiff, Clinton Parks, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, RS Equity Holdings LLC, A Foreign Limited Liability Company, d/b/a Regency Square Shopping Center, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 <u>et seq.</u> ("ADA").

1.        Plaintiff is a resident of Pasco County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff suffers from Chronic Obstructive Pulmonary Disease and is unable to engage in the major life activity of walking to long distances without losing breath. As a result, Plaintiff often ambulates with a wheelchair. Plaintiff requires accessible handicap parking spaces located closet to the entrances of a facility. The handicap and access aisles must be of sufficient width so that he can embark and disembark from a vehicle. Routes connecting the handicap

spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that Plaintiff can reach them. When in a wheelchair, he requires that sinks have unwrapped pipes, as such pose a danger of scraping or burning his legs. Sinks must be at the proper height so that he can put his legs underneath to wash his hands. He requires grab bars both behind and beside a commode so that he can more easily transfer and he has difficulty reaching the flush control if it is on the wrong side. He has difficulty getting through doorways if they lack the proper clearance.

2. Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

3. According to the Pasco County Property Appraiser's property records, Defendant owns a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104. The place of public accommodation that the Defendant owns is a strip mall, with approximately 25 stores, known as Regency Square Shopping Center, and is located 9023 Little Road, New Port Richey, FL 34654, in the County of Pasco. Regency Square Shopping Center includes stores such as Family Dollar, Slice of Life Pizza, Top China, Pet

        Supplies Plus, Winn Dixie, Planet Fitness, Suncoast Dental, My Mechanic, Mike's Jewelry, Bagel Queen, and Natures Health.

4.   Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5.   Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6.   As the owner of the subject premises, Defendant is required to comply with the ADA. To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"), the owner, lessor, lessee, or operator has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182. To the extent the property, or portions thereof, were designed or constructed for first occupancy later than January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator was under an obligation to design and construct such facilities such that are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183(a)(1). To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner, lessor, lessee, or operator was under an obligation to make such alterations in such a manner that, to the maximum extent

      feasible, the altered portions are readily accessible to and usable by persons with disabilities, as required by 42 U.S.C. Section 12183(a)(2).

7. Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG"). Pursuant to 28 C.F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

8. A preliminary inspection of the property has shown that violations exist. These violations include, but are not limited to:

In regard to the Regency Square Shopping Center's parking lot, some of the handicap parking spaces had excessive slopes, cracked and unlevel areas of concrete that pooled water.

In regard to the Family Dollar store's restroom, access to the restroom was blocked by stored items. A trash can obstructed the required clear floor space serving the commode. The pipes under the sink were unwrapped. The soap dispenser and paper towel rack were installed too high for Plaintiff to reach. The rear grab bar behind the commode was too short. Some of the store's merchandise aisles were obstructed by stored items or merchandise.

        In regard to the Slice of Life's restroom, there was insufficient latch-side clearance to open the door from the inside. The sink was installed too low, and therefore the sink lacked knee clearance. There was insufficient maneuvering space to access the commode and this space was additionally obstructed. There were no compliant grab bars for the commode. The mirror, soap dispenser and paper towel dispenser were all installed too high for Plaintiff to reach. The transaction counter was too high for Plaintiff to reach. There was a unsecured floor mat at the entrance.

        In regard to Top China restaurant, the transaction counter was too high for Plaintiff to reach. In the restaurant's restroom, the sink pipes were unwrapped and the knee space underneath the sink was obstructed by cleaning products. The commode lacked a rear grab bar. The restroom door maneuvering space is obstructed by a shelving unit.

        In regard to the Pet Supplies Plus store, there was an unsecured floor mat at the entrance. In the store's restroom, access to the sink was obstructed by a trash can. The paper towel dispenser and soap dispenser were both installed too high for Plaintiff to reach. There was no latch-side clearance to get through the restroom door, and the lock on the door was installed too high for Plaintiff to reach.

9.   On May 16, 2019, Plaintiff visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property and will return to the property no later than February 1, 2020, to determine whether Regency Square Shopping Center's parking lot, Family

Dollar, Slice of Life Pizzeria, Top China and Pet Supplies Plus have been made ADA compliant. These barriers discriminate against Plaintiff on the basis of his disability.

10. Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

11. The handicap parking violations, (excessive slopes, cracks and holes in the pavement), unsecured floor mats at store entrances and/or exits, and unwrapped sink pipes in the restrooms present at Regency Square Shopping Center's parking lot, Family Dollar, Slice of Life Pizzeria, Top China and Pet Supplies Plus, create a hazard to Plaintiff's safety.

12. Plaintiff intends to return to the property in the near future, but is continuously aware of the violations at Defendant's facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless he is willing to suffer additional discrimination.

13. The violations present at Regency Square Shopping Center's parking lot, Family Dollar, Slice of Life Pizzeria, Top China and Pet Supplies Plus infringe Plaintiff's right to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's facility. By continuing to operate a place of public accommodation with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services,

facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's facility, and knowing that it would be a futile gesture to return unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendant deprives plaintiff the equality of opportunity offered to the general public. The harm suffered by Plaintiff constitutes a present, continuous and ongoing injury.

14. Plaintiff has suffered, presently suffers and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

15. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations above. In addition to the fact that Plaintiff suffers ongoing and present injury, Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the property not only to avail himself of the goods and services available at Regency Square Shopping Center's Family Dollar, Slice of Life Pizzeria, Top China and Pet Supplies Plus, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of

discrimination. Again, Plaintiff intends to revisit the facility in the near future, not to be later than February 1, 2019.

16. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

17. The discriminatory violations described above are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

18. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in

violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of his/her disability.

19. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

20. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Regency Square Shopping Center's parking lot, Family Dollar, Slice of Life Pizzeria, Top China and Pet Supplies Plus to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the Family Dollar, Slice of Life Pizzeria, Top China and Pet Supplies Plus until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of his/her disablity.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

        Law Office of Christine N. Failey, P.A.
        PO Box 55404
        St. Petersburg, FL 33732
        ph. (888) 753-7370
        cfailey@cfaileylaw.net
        Florida Bar. Id. No. 22520

By: _____
        Christine N. Failey, Esq.