# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CLINTON PARKS, individually,

    Plaintiff,

v.                                                    Case No: 8:19-cv-1583-T-36JSS

RS EQUITY HOLDINGS LLC, a Foreign
Limited Liability Company,

    Defendant.
_____

## ORDER

This cause comes before the Court upon Plaintiff's Motion for Entry of Default Judgment after Default and Verified Application for Attorney Fees, Costs, Expert Fees and Litigation Expenses with Memorandum of Law in Support (Doc. 19). In the Motion, Plaintiff requests judgment be entered in his favor on his action for injunctive relief—pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181—relating to a strip mall known as Regency Square Shopping Center in Pasco County, Florida. Defendant has not responded and the time to do so has elapsed. Having considered Plaintiff's Motion and accompanying affidavit, the Motion will be denied.

**I.    BACKGROUND**

Plaintiff Clifton Parks initially filed this action for injunctive relief pursuant to the Americans with Disabilities Act on July 1, 2019. (Doc 1). He eventually moved for a final default judgment (Doc. 11) following entry of a clerk's default (Doc. 10), but later withdrew that motion (Doc. 12). Thereafter, an Amended Complaint was filed on September 27, 2019. (Doc. 15). In the Amended Complaint, Plaintiff, a resident of Pasco County, Florida, alleges that he is disabled as

defined by the ADA and uses a wheelchair for mobility purposes. *See id.* at ¶ 1. On May 16, 2019, Plaintiff allegedly visited Defendant's strip mall and observed a number of ADA violations based on his preliminary inspection. *See id.* at ¶¶ 8, 9. The violations and locations are identified by Plaintiff. *See id.* at ¶ 8. The Complaint further alleges that as the owner of the strip mall, Defendant is obligated to make necessary alterations so that it is readily accessible to and usable by individuals with disabilities. *See id.* at ¶¶ 6, 7.

The initial Summons and Complaint was served on Defendant's registered agent by a process server on July 11, 2019. (Doc. 8). After the Amended Complaint was filed, service was made on the receptionist at Defendant's executive, virtual, or mini office. (Doc. 16). Because Defendant failed to answer or otherwise defend in this action, Plaintiff moved for entry of a Clerk's Default against Defendant. (Doc. 17). On October 30, 2019, the Clerk entered a default pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 18).

On November 15, 2019, Plaintiff filed the instant Motion for Entry of Default Judgment after Default and Verified Application for Attorney Fees, Costs, Expert fees and Litigation Expenses with Memorandum of Law in Support (Doc. 19). As the time for a response has long passed, the motion is ripe for this Court's consideration.

## II. LEGAL STANDARD

A default judgment may be entered when "the party against whom a judgment . . . is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Thomas v. Bank of Am., N.A.*, 557 Fed. Appx. 873, 875 (11th Cir. 2014) (quoting Fed. R. Civ. P. 55 (a)). Allegations in a well-pleaded complaint are established as fact on entry of a default judgment, as long as there is a stated claim that allows for relief and jurisdiction is established. *See GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.*, 218 F. Supp. 2d 1355, 1359

(M.D. Fla. 2002). A well-pleaded complaint contains more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Brito v. 4018 W. Vine St. LLLP,* No. 618CV177ORL41TBS, 2018 WL 3370672, at *1 (M.D. Fla. May 30, 2018), *report and recommendation adopted*, No. 618CV177ORL41TBS, 2018 WL 3361809 (M.D. Fla. July 10, 2018) (noting the distinction between conclusory allegations and well-pleaded facts). There must be sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570).

## III. DISCUSSION

### A. Clerk's Default

Federal Rule of Civil Procedure 55(a) provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b). *DirectTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The Rules further provide that a corporation may be served in any manner accepted in the state where the district court is located. *Cohn v. Rotor Holdings, Inc.*, No. 2:17-cv-438-FtM-38CM, 2018 WL 3756965, at *1 (M.D. Fla. Feb. 27, 2018) (citing Fed. R. Civ. P. 4(h)(1), 4(e)(1)). Under Florida Statute Section 48.081, process may be served on a registered agent of the corporation or an employee of the registered agent. *Id.* (citing § 48.081(3)(a), Fla. Stat.). Pursuant to both the Federal Rules of Civil Procedure and the Florida Statutes, service upon a corporation is effective when delivered to a registered agent. Fed. R. Civ. P. 4(h)(1)(B); § 48.081(3)(a), Fla. Stat. The

Rules further provide that "[n]o service is required on a party who is in default for failing to appear," unless that "pleading . . . asserts a new claim for relief against such a party." Fed. R. Civ. P. 5(a)(2); *Amarelis v. Notter Sch. of Culinary Arts, LLC*, No. 6:13-CV-54-ORL-31KRS, 2014 WL 5454387, at *3 (M.D. Fla. Oct. 27, 2014) (stating that Rule 5(a)(2) governs the service of amended complaints on parties in default, and noting that service of an amended complaint by mail is proper if it does not assert new claims for relief).

Here, the verified return of service indicates that Defendant was properly served with the original complaint through its registered agent. (Doc. 8). Defendant did not respond and a default was entered. Once the Court issued the Summons to the Amended Complaint, service was made on the receptionist at Defendant's executive, virtual, or mini office. (Doc. 16). The Amended Complaint did not assert any new claims for relief. *Compare* Doc. 15 *with* Doc. 1. As such, formal service on Defendant was not required and service on the receptionist was sufficient. *See Amarelis*, 2014 WL 5454387, at *3. Since Defendant did not respond or otherwise defend the action, a Clerk's Default was properly entered. (Doc. 17; Doc. 18).

  **B. ADA Claims**

Plaintiff seeks injunctive relief against Defendant to correct ADA violations at various stores at Defendant's strip mall, which allegedly deny Plaintiff and other similarly situated individuals with disabilities, the full and equal enjoyment of the goods, services, and facilities at that strip mall. Title III of the ADA provides, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a); *Soriano v. Grivas*, No. 8:17-CV-1309-T-17AEP, 2017 WL 10277115, at *1 (M.D. Fla. Nov. 14, 2017)

(stating same). "To state a cause of action for discrimination under Title III of the ADA, a plaintiff must initially prove that '(1) [plaintiff] is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA.' " *Longhini v. Rayan & Assocs., Inc.*, No. 617CV1016ORL37GJK, 2018 WL 2225122, at *3 (M.D. Fla. Apr. 27, 2018), *report and recommendation adopted*, No. 617CV1016ORL37GJK, 2018 WL 2215290 (M.D. Fla. May 15, 2018) (*citing Duldulao v. Kennedy Spa*, LLC, 8:10–cv–2607–T–30AEP, 2013 WL 2317729, at *2 (M.D. Fla. May 28, 2013)).

Plaintiff's allegation that he "suffers from Chronic Obstructive Pulmonary Disease and is unable to engage in the major life activity of walking to long distances without losing breath," (Doc. 15 ¶ 1), sufficiently pleads a disability. *See Hoewischer v. Joe's Properties, LLC*, No. 311-CV-769-J-34MCR, 2013 WL 6439125, at *4 (M.D. Fla. Dec. 9, 2013) (finding that Plaintiff's allegation that he is disabled within the meaning of the ADA and confined to a wheelchair for mobility purposes satisfied the first factor); *cf. Tidwell v. S. Petro Holding LLC*, No. 2:19-CV-98-FTM-29UAM, 2019 WL 2173838, at *2 (M.D. Fla. May 20, 2019) (stating that alleging only that one "uses a wheelchair for mobility purposes" is insufficient to describe a disability under the ADA because a wheelchair accommodates a variety of disabilities, ranging from temporary and mild to permanent and severe) (citing *Bell v. FTMC, LLC*, 2018 WL 4565745, *1 (M.D. Fla. Sept. 24, 2018)).

Likewise, Plaintiff has sufficiently pleaded that Defendant owns the strip mall located at 9023 Little Road, New Port Richey, Florida, which is known as the Regency Square Shopping Center and has provided a printout of the property record from the property appraiser's office in support. (Doc. 15 ¶ 3, Ex. A, Composite Ex. E). *See Tidwell*, 2019 WL 2173838, at *2 (noting that

"unsupported, conclusory allegations of ownership fail to state a claim under the ADA"); *Cohan v. Sparkle Two, LLC*, 309 F.R.D. 665, 668 (M.D. Fla. 2015) (stating same and reasoning that "[a]s injunctive relief is sought, Plaintiff must establish that the correct party is before the Court").

However, Plaintiff has not sufficiently pleaded the third element of an ADA claim, that is, that the defendant discriminated against the plaintiff within the meaning of the ADA. Plaintiff's complaint contains various allegations which have been deemed insufficient and have justified denial of default judgment in previous cases. *See Kennedy v. Orltell, LLC*, No. 617CV2014ORL37TBS, 2018 WL 1152393, at *1 (M.D. Fla. Mar. 5, 2018) (adopting magistrate's report and recommendation that "insufficient and conclusory allegations concerning how Defendant has violated the ADA" precluded the entry of default judgment).

First, the identification of the specific barriers is insufficient. Specifically, Plaintiff alleges that the soap dispenser and paper towel rack in Family Dollar's restroom were installed too high for Plaintiff to reach and the rear grab bar behind the commode was too short. (Doc. 15 ¶ 8). Plaintiff also alleges that inside the Slice of Life's restroom, the sink was installed too low; the mirror, soap dispenser, and paper towel dispenser were all installed too high for Plaintiff to reach; and the transaction counter was also too high. (Doc. 15 ¶ 8). Similar issues are alleged in regard to Top China restaurant, where the transaction counter was too high for Plaintiff to reach, and the Pet Supplies Store where the paper towel dispenser and soap dispenser inside the restroom were both installed too high for Plaintiff to reach. (Doc. 15 ¶ 8). These allegations all run into the same issue the court recently found in *Tidwell,* where the complaint contained similar allegations. In that case, the court held that the allegation that the restroom mirrors exceeded the maximum height above the floor, without alleging the mirror's height or other facts showing an ADA violation was not sufficient. *Tidwell,* 2019 WL 2173838, at *2 (citing *Bell*, 2018 WL 4565745, *2). *See also*

*Soriano*, 2016 WL 11491311, at *3 (finding that allegations were sufficient where Plaintiff alleged the specific barriers encountered with reference to the particular ADA standard at issue); *but see Lucibello v. Miceli JVM, Inc.*, No. 208CV824FTM29DNF, 2010 WL 11507216, at *1 (M.D. Fla. Feb. 10, 2010) (granting default judgment on a complaint which alleged, without more, that "[t]he counter is too high, with no lowered section").

In addition to the foregoing allegations, Plaintiff further states that:

> [T]he Defendant continues to discriminate against the Plaintiff, and all those similarly situated by *failing to make reasonable modifications in policies, practices or procedures*, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of his/her disability.

(Doc. 15 ¶ 18) (emphasis added). Like in *Longhini*, Plaintiff has not identified the "policies, practices, or procedures to which he refers." 2018 WL 2225122, at *3. In that case, the court held that these allegations were conclusory. *Id.* (*citing Houston v. Fifo, Inc.*, No. 6:17–CV–1082–ORL–37DCI, at 6 n.6 (M.D. Fla. Nov. 30, 2017)). The court reached the same outcome in *Kennedy v. Bindi, Inc.*, No. 617CV1579ORL40DCI, 2018 WL 2211420 (M.D. Fla. Apr. 26, 2018), *report and recommendation adopted*, No. 617CV1579ORL40DCI, 2018 WL 2197754 (M.D. Fla. May 14, 2018). There, Plaintiff alleged, among other things, that "Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled." *Id.* at 1. The court found that these allegations were vague, reasoning that even if it inferred that Plaintiff encountered the barriers listed in the Complaint, Plaintiff neither identified the specific policy, practice, procedure, or feature that violates the ADA, nor explained how each policy, practice, procedure, or feature fails to comply

with the ADA and the applicable regulations. *Id.* at 4. As in those cases, this is a vague allegation which renders the complaint deficient.

The Amended Complaint suffers from an additional pleading deficiency. Plaintiff fails to plead sufficiently whether the property is a "pre-existing" building as defined by the ADA. *See Kennedy v. U & V Food Corp.*, No. 217CV696FTM38MRM, 2019 WL 343201, at *4 (M.D. Fla. Jan. 10, 2019), *report and recommendation adopted*, No. 217CV696FTM38MRM, 2019 WL 338914 (M.D. Fla. Jan. 28, 2019) (*citing* 42 U.S.C. § 12183(a)). The complaint here alleges in pertinent part:

> To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"), the owner, lessor, lessee, or operator has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182. To the extent the property, or portions thereof, were designed or constructed for first occupancy later than January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator was under an obligation to design and construct such facilities such that are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183(a)(l). To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner, lessor, lessee, or operator was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities, as required by 42 U.S.C. Section 12183(a)(2).

(Doc. 15 ¶ 6). Like in *U & V Food Corp.*, this is insufficient to show whether the property was a pre-existing facility. In that case, the complaint conditionally stated that "[t]o the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility")," Defendants had "a continuing obligation to remove architectural barriers at that property whose removal was readily achievable." *Id*. The court reasoned that "[b]ecause Plaintiff has not 'definitively allege[d] whether or not [Defendants' property] is a pre-existing building under

the ADA, the Court cannot determine what standard to apply" and, therefore, cannot determine whether [Plaintiff] has stated a claim. *Id.*

Importantly, the requirements imposed on the owners and operators of facilities by the ADA vary based on whether the property existed before or after enactment of the ADA. *Id.* at *5; Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1273 (11th Cir. 2006) (stating same). As the court in *Longhini* and many other cases has explained:

> If the Subject Premises is a pre-existing building, then discrimination under the ADA is a "failure to remove architectural barriers ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). "Where removal is not 'readily achievable,' failure of the entity to make goods, services and facilities 'available through alternative methods if such methods are readily achievable,' may constitute discrimination under the ADA."

2018 WL 2225122, at *3 (*Gathright–Dietrich*, 452 F.3d at 1273). The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." *Gathright–Dietrich*, 452 F.3d at 1273 (citing 42 U.S.C. § 12181(9)). The printout of the Pasco County property record attached to the complaint indicates that the property was built in 1985, which would qualify the property as a pre-existing facility. However, due to the conditional nature of the relevant allegation in the complaint, this Court cannot determine which standard applies to the various violations Plaintiff has identified.

Moreover, the complaint does not even allege that removal of the architectural barriers Plaintiff encountered at Defendant's strip mall would be "readily achievable" or that there exists "readily achievable" alternatives for Defendant to make its goods, services, and facilities available to Plaintiff. "A number of courts in this District have concluded that such allegations are necessary to state a claim for relief, and, thus, the failure to include such allegations warrants dismissal for failure to state a claim." *Bindi, Inc.*, 2018 WL 2211420, at *5 (*citing Kennedy v. Mi Tierra*

*Authentic Mexican Rest. Inc.*, Case No. 6:17–cv–1949–Orl–40TBS, Doc. 17 (M.D. Fla. Feb. 20, 2018) and *Larkin v. Cantu LLC*, Case No. 6:15–cv–1544–Orl–40KRS, 2017 WL 2684422, at *5 (M.D. Fla. May 31, 2017). Furthermore, "alleging the legal conclusion that a barrier is readily achievable, without more, is insufficient to establish that removal is, in fact, readily achievable") *Tidwell*, 2019 WL 2173838, at *2 (*quoting Larkin*, 2017 WL 2684422, at *5). Plaintiff's failure to present such an allegation in the Amended Complaint is fatal to his claim and the request for default judgment.

## IV.   CONCLUSION

Because of the various deficiencies in the Amended Complaint, a default judgment is not proper in this case. Plaintiff insufficiently identifies the specific ADA violations, and does not allege that removal of the barriers encountered are "readily achievable" or that "readily achievable" alternatives exists. As such, Plaintiff has not sufficiently pleaded a cause of action under the ADA for which a default judgment can be granted.

Accordingly, it is hereby:

**ORDERED:**

1. Plaintiff's Motion for Entry of Default Judgment after Default and Verified Application for Attorney Fees, Costs, Expert Fees and Litigation Expenses with Memorandum of Law in Support (Doc. 19) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on April 10, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:

Counsel of Record