UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Clinton Parks, Individually,

        Plaintiff,

v.                                 Case No.: 8:19-cv-01583-CEH-JSS

RS Equity Holdings LLC, A Foreign Limited
Liability Company, d/b/a Regency Square
Shopping Center,

        Defendant.

_____/

## SECOND AMENDED COMPLAINT
(Injunctive Relief Demanded)

        Plaintiff, Clinton Parks, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby files this Second Amended Complaint against the Defendant, RS Equity Holdings LLC, A Foreign Limited Liability Company, d/b/a Regency Square Shopping Center, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.        Plaintiff is a resident of Pasco County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff suffers from Chronic Obstructive Pulmonary Disease and is unable to engage in the major life activity of walking to long distances without losing breath. As a result, Plaintiff often ambulates with a wheelchair. Plaintiff requires accessible handicap parking spaces located closet to the entrances of a facility. The handicap and access aisles must be of sufficient width so that he can embark and disembark from a vehicle. Routes connecting the handicap

spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that Plaintiff can reach them. When in a wheelchair, he requires that sinks have unwrapped pipes, as such pose a danger of scraping or burning his legs. Sinks must be at the proper height so that he can put his legs underneath to wash his hands. He requires grab bars both behind and beside a commode so that he can more easily transfer and he has difficulty reaching the flush control if it is on the wrong side. He has difficulty getting through doorways if they lack the proper clearance.

2.      Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

3.      According to the Pasco County Property Appraiser's property records, Defendant owns a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104. The place of public accommodation that the Defendant owns is a strip mall, with approximately 25 stores, known as Regency Square Shopping Center, and is located 9023 Little Road, New Port Richey, FL 34654, in the County of Pasco. Regency Square Shopping Center includes stores such as Family Dollar, Slice of Life Pizza, Top China, Pet

2

Supplies Plus, Winn Dixie, Planet Fitness, Suncoast Dental, My Mechanic, Mike's Jewelry, Bagel Queen, and Natures Health.

4.       Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5.       Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6.       As the owner of the subject premises, Defendant is required to comply with the ADA. According to the Pasco County Property records, this property was first constructed in 1984. Therefore, the owner, lessor, lessee, or operator has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182(b)(2(A)(iv). A barrier is defined as any feature that does not comply with the ADAAG or 2010 ADA Standards. *Best Western Timber Cove Lodge Marina Resort*, 2002 U.S. Dist. LEXIS 1709 *6 (E.D. Ca. 2002). The ADA was enacted on July 26, 1990. 42 U.S.C. Section 12181. It became effective on January 26, 1993. 42 U.S.C. Section 12183. Thus, the Defendant has been under an obligation to bring its premises into compliance with the law for over 29 years.

7.       To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner, lessor, lessee, or

3

operator was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities, as required by 42 U.S.C. Section 12183(a)(2). It is impossible for Plaintiff to know with certainty whether a given physical condition was altered after the enactment or effective date of the ADA, as this information is exclusively in Defendant's possession. However, a pre-suit investigation indicates that many portions of the facility were altered subsequent to the effective date of the ADA, including handicap parking spaces, and grab bars in various public restrooms. As such, the altered portions are subject to the altered facility requirements of 42 U.S.C. Section 12183(a)(2).

7.      Pursuant to 28 C .F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible. This means that the alteration must fully comply with the ADAAG unless literal compliance is "virtually impossible". 28 C.F.R. Section 36.402( c). Failure to comply with these requirements constitutes a violation of the ADA.

8.      The Defendant is also under an obligation to make reasonable modifications in policies, practices or procedures to ensure that the goods, services, facilities, privileges, advantages and accommodations are afforded to disabled persons. 42 U.S.C. Section 12182(b)(2)(A)(ii). This includes the duty to maintain required accessible features so that they remain compliant and accessible. 28 C.F.R. Section

4

36.211(a). This also includes a duty to ensure that all required maneuvering spaces are kept free of obstructions. 2010 ADA Stds. Chapters 304, 305, 306, 308, 309, 403, 404, 405, 406, 603, 604, 605, 606 and ADAAG 4.13, 4.2, 4.8, 4.13, 4.16, 4.17, 4.18 (governing the maneuvering spaces and pathways to all elements and throughout a facility and requiring that they be "clear")

9.    Plaintiff had been to the subject property many multiple times prior to the filing of this lawsuit because this property is one which he has and continues to visit on a constant basis. These visits specifically include one on May 16, 2019. Since the filing of this lawsuit, Plaintiff has continued to visit the property frequently and plans to continue to do so, including plans to visit the property in the near future, including plans to visit the property on or about September 14, 2020, and on a frequent basis both before and after that date.

10.    During his frequent visits, including May 16, 2019, Plaintiff personally observed and encountered numerous violations which discriminated against him on the basis of his disability. These include the following:

a.    With respect to the parking lot, many handicap parking spaces had excessive slopes. An excessive slope is defined as a slope exceeding 2.0% (1991 ADA Std, or ADAAG, section 4.6.3) or 2.08% (2010 ADA Standard 502.4). One space had a slope of 22% and another space had a slope of 7.8%. On information and belief, these handicap parking spaces and their markings were made after the effective date of the ADA and, therefore, the standard applicable to altered portions governed by 42 U.S.C. Section 12183(a)(2) govern. Accordingly, the handicap parking spaces

5

were required to comply with the ADAAG or 2010 ADA Standard to the maximum extent feasible and Defendant failed to comply with this provision.

b.    In the Family Dollar Store, the Defendant violated its duty to maintain elements free of obstructions by allowing merchandise to impede the space required to be kept clear to ensure a clear and unobstructed path of travel of at least 36 inches. ADAAG Section 4.3.3 and 2010 ADA Std. 403.5.1. In three aisles, Plaintiff encountered obstructions impeding into the required floor space by narrowing them to approximately 24 inches. The public restroom and drinking fountain were obstructed by numerous stored merchandise, completely blocking access to the drinking fountain and narrowing the clear path to the restroom to approximately 12 inches. In the restroom, a trash can obstructed the required clear maneuvering clearance to the commode by narrowing it to 25 inches.

c.    In the Family Dollar store, the rear grab bar behind the commode is only 24 inches. This grab bar is required to be 36 inches. ADAAG section 4.16.4 and 2010 ADA Standard 604.5.2. There is at least 12 inches of extra space between the end of the grab bar and the adjacent sink. Therefore, the Defendant violated Section 42 U.S.C. Section 12183(a)(2) by failing to make this feature compliant "to the maximum extent feasible".

d.    In the Slice of Life restroom, the sink has a cabinet underneath which completely violates ADAAG 4.19.2 and 4.19.3 and 2010 ADA Std. 306 and 606, which require that there be a clear floor/toe space underneath. This sink cabinet also impedes the required space to be kept clear for the latch side of the restroom doorway by

6

narrowing it to 7 inches. This space is required to be at least 18 inches. ADAAG Section 4.13.6 and 2010 ADA Std. 404.2.4. Plaintiff is without sufficient information as to whether the sink cabinet was in place prior to the enactment or effective date of the ADA or afterward. In the event it is a pre-existing condition, then it is considered a barrier, subject to the provision of 42 U.S.C. Section 12182(b)(2)(A)(iv). Removal of this barrier has been readily achievable since the ADA's effective date, nearly 29 years ago, because removal of the cabinet and fixing the sink to the wall is and always has been easily accomplishable and without much difficulty or expense. In the event this cabinet was installed in the 29 years subsequent to the ADA's effective date, then such constitutes an alteration subject to the strict requirements of 42 U.S.C. Section 12183(a)(2). In either event, this condition violates both standards.

e.     The Slice of Life commode is completely inaccessible and violates multiple provisions. First, the side grab bar is too short (approximately 24 inches long) and slanted at a 45 degree grade. This is required to be 42 inches long and level. ADAAG 4.16 and 2010 ADA Std. 604.5.1. Second, the rear grab bar is completely missing. Rear grab bars 36 inches long are required by ADAAG Section 4.16.4 and 2010 ADA Std. 604.5.2. Third, the toilet stall is far too small for a wheelchair user, as a partition narrows this stall to only approximately 36 inches wide. This is required to be at least 48 inches wide. ADAAG Section 4.16.2 and 2010 ADA Std. 604.3 (requiring 60 inches). In the event the partition was in place prior to the ADA's enactment or effective date, then this feature constitutes a barrier within the meaning

of 42 U.S.C. Section 12182(b)(2)(A)(iv).    Removal of this barrier has been readily achievable since the ADA's effective date, nearly 29 years ago, because removal of the partition is and always has been easily accomplishable and without much difficulty or expense.  In the event this  condition was installed in the 27 years subsequent to the ADA's effective, then such constitutes an alteration subject to the strict requirements of 42 U.S.C. Section 12183(a)(2). In either event, this condition violates both standards. Moreover, Defendant failed to adhere to its duty to maintain this space free of obstructions by allowing a trash can to completely block access to the toilet stall, narrowing the passage to 22 inches to the partition edge and 16 inches to the front of the commode.  Lastly, the Defendant allowed an unsecured carpet/mat at the restaurant entrance, a violation of ADAAG 4.5.3 and 2010 ADA Std. 302.2, which require such features to be securely attached to the floor.  This feature has been put in place sometime during the past 29 years and is therefore an alteration. It's failure to be compliant is therefore a violation of 42 U.S.C. Section 12183(a)(2).

f.      In the Top China, the service counter is approximately 48 inches high, without any lowered portion. This transaction counter is required to have a lowered portion of at least 36 inches in length and no higher than 36 inches from the floor for ADAAG Section 7.2(1) or 38 inches from the floor for 2010 ADA Std. 227.3 and 904.4. Plaintiff is without sufficient information as to whether the transaction counter was in place prior to the effective date of the ADA or afterward. In the event it is a pre-existing condition, then it is considered a barrier, subject to the provision of 42 U.S.C. Section 12182(b)(2)(A)(iv).    Removal of this barrier has been readily

8

achievable since the ADA's effective date, nearly 29 years ago, because installation of a lowered portion is and always has been easily accomplishable and without much difficulty or expense. In the event this counter was installed in the 27 years subsequent to the ADA's effective date, then such constitutes an alteration subject to the strict requirements of 42 U.S.C. Section 12183(a)(2). In either event, this condition violates both standards.

g.    In the Top China restroom, there are numerous discriminatory violations. First, easily movable furniture obstructs the space required to access the door, reducing this space to less than one inch. This latch side clearance space is required to be at least 18 inches. ADAAG Section 4.13.6 and 2010 ADA Std. 404.2.4. Second, cleaning products obstruct the floor space required to be kept clear under the sink. This violates ADAAG 4.19.2 and 4.19.3 and 2010 ADA Std. 306 and 606, which require that there be a clear floor/toe space underneath. These conditions are violations of the Defendant's obligation to maintain these features free and clear of obstructions and is a failure of policy, practice and procedure. Third, the rear grab bar is completely missing. Rear grab bars 36 inches long are required by ADAAG Section 4.16.4 and 2010 ADA Std. 604.5.2. Since the installation of a single grab bar constitutes an alteration of the water closet, the failure to install a rear grab bar is a failure to bring the element into compliance to the maximum extent feasible because there is nothing to have prevented full compliance. To the extent that the missing grab bar constitutes a pre-existing "barrier", installation of a compliant grab bar is and always has been

readily achievable at any time during the past 29 years because it has always been easily accomplishable and without much difficulty or expense.

h.    In the Pet Supplies store, numerous discriminatory violations exist. There is an unsecured floor mat/carpet by the entrance, an alteration which violates ADAAG 4.5.3 and 2010 ADA Std. 302.2. In the restroom, access to the sink is obstructed by a trash can and a partition, which narrow the space to approximately 24 inches, a violation of ADAAG 4.24.5, which requires a clear floor space measuring 30x48. The paper towel dispenser is too high, measuring 54 inches above the floor. The door latch is too high, measuring 58 inches above the floor, and the soap dispenser is too high, measuring 51 inches above the floor. These features must be no higher than 48 inches. ADAAG 4.2.5 and 4.27.3 and 2010 ADA Std. 205 and 308, 309. Plaintiff is without sufficient information to aver whether these conditions were installed more than 29 years ago, prior to the ADA, or afterward, but avers that such features are frequently reinstalled and moved and are more likely alterations. In the event they were alterations, then they constitute a violation of 42 U.S.C. Section 12183(a) because there is nothing to have prevented full compliance. In the unlikely event that the these features constitute pre-existing "barriers", their relocation to a compliant height is and always has been readily achievable at any time during the past 29 years because it has always been easily accomplishable and without much difficulty or expense.

i.    The Pet Supplies restroom door is most obviously a pre-existing condition subject to the barrier removal requirements of 42 U.S.C. Section 12182(b)(2)(A)(iv). This

constitutes a barrier because it fails to comply with the 18 inch latch side clearance requirements of ADAAG Section 4.13.6 and 2010 ADA Std. 404.2.4. Bringing this condition is and always has been readily achievable by either moving the doorway two feet so that it is no longer obstructed by the side wall, or by installation of an automatic door opener, which is and always could have been easily accomplished and without much difficulty or expense.

10.    The discriminatory conditions referenced create a hazard to Plaintiff's safety and discriminate against him by making the features referenced above either completely inaccessible or accessible only with greater difficulty and frustration.

11.    Plaintiff intends to return to the property in the near future, but is continuously aware of the violations at Defendant's facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless he is willing to suffer additional discrimination.

12.    The violations present at Regency Square Shopping Center's parking lot, Family Dollar, Slice of Life Pizzeria, Top China and Pet Supplies Plus infringe Plaintiff's right to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's facility. By continuing to operate a place of public accommodation with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's facility, and knowing that

it would be a futile gesture to return unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendant deprives plaintiff the equality of opportunity offered to the general public. The harm suffered by Plaintiff constitutes a present, continuous and ongoing injury.

13.    Plaintiff has suffered, presently suffers and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

14.    Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations above. In addition to the fact that Plaintiff suffers ongoing and present injury, Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the property not only to avail himself of the goods and services available at Regency Square Shopping Center's Family Dollar, Slice of Life Pizzeria, Top China and Pet Supplies Plus, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

15.    The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

16.    The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

17.    Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of his/her disability.

13

18.   Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

19.   Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Regency Square Shopping Center's parking lot, Family Dollar, Slice of Life Pizzeria, Top China and Pet Supplies Plus to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the Family Dollar, Slice of Life Pizzeria, Top China and Pet Supplies Plus until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.   The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

b.   Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no

14

individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of his/her disability.

c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

> Law Office of Christine N. Failey, P.A.
> PO Box 55404
> St. Petersburg, FL 33732
> ph. (888) 753-7370
> cfailey@cfaileylaw.net
> Florida Bar. Id. No. 22520
>
> By: /s/Christine N. Failey

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via US Mail to the Defendant, RS Equity Holdings LLC, d/b/a Regency Square Shopping Center, 320 Roebling St., #120, Brooklyn, NY  11211 on May 1, 2020, and via the Court's electronic filing system upon all parties of record this May 22, 2020.

> Christine N. Failey, Esq.
> Law Office of Christine N. Failey, PA
> Attorney for Plaintiff
> PO Box 55404
> St. Petersburg, FL 33732
> ph. (888) 753-7370
> cfailey@cfaileylaw.net
> Florida Bar #: 22520